Caria, per
Butler, J.
When a plaintiff brings an action on a note or bill, he is required in some way to prove his title to the paper. If he alleges that he has acquired possession from another, either by endorsement or otherwise, the validity of the transfer may be enquired into. And when a note has been made payable to a feme covert, and by her endorsed to another, such endorsement will, in general, confer no title ; and for this reason, the title to the paper, by the operation of law, being vested in the husband, it cannot be parted with, without some act on his part. So of a note payable to the wife or bearer; she cannot make a valid transfer to a stranger, by a delivery that was unauthorized by the husband, and for the obvious reason that she had no legal interest that was transferable. A third person, under such circumstances, could shew no valid title in himrelf. But when a note is made payable *660 to the wife or bearer, and she passes it over to the husband, his title, good before, is not rendereddnvalid by such transfer. His title would be the same, and only be rendered more complicated in the statement of it. In declaring on the paper, by way of explanation more than any thing else, he should state that the note was made payable to C. D., his wife, and it thereby became his property in virtue of their marriage. Can there be any difference when the truth of the matter has been described in technical language, as in this case, where the note was made payable to M. Fort or bearer, and by her transferred by delivery to the plaintiff'?
It seems to me that the transfer and the description of it were unnecessary and superfluous, but not on that account invalid; for the right of the plaintiff to recover on the note was unquestionable. Being in possession of the note payable to bearer, gives the actual holder a pnmafaeie right to recover on it. And until it can be shewn that he got the paper either by surreptition or fraud, his prima facie legal right should not be defeated.
The fact that one makes a note payable to bearer, shews his indifference under the contract as to who that bearer might be ; as when a note has been made payable to J. S. or Ship Fortune or bearer, it is in legal effect payable to the bearer, and J. S. is a mere cypher. Chitty on Bills, 157. An executor may sue in his own name, or as executor, upon a note made payable to a third person or bearer, and transferred to his testator before his death. 2 McC. 364. A note payable to bearer is one transferable to an indifferent person, by the terms of the contract. As Judge Johnson remarks in the above case, it is in direct terms a promise to pay to the bearer; and when it once passes out of the hands of the original payee, it enters into the .circulating medium of the country, and like it, is the property of him who has the legal possession. In the case before the court, the legality of the plaintiff’s title and possession are unquestionable, and there was nothing in the evidence irreconcilable with them. There are some cases in the books in which a note made payable to the wife or order has been transferred by her endorsement, made by the express authority of the husband. In such *661 cases I presume the transfer would be stated according to the truth, and would be valid by relation only, the acts of the wife being regarded only as the agency of the husband. We are satisfied with the decision below.
Motion refused.
Richardson, O’Neall, Evans and Frost, JJ. concurred.